```
               UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION
```

JEFFERY L. JOHNSON, on behalf
of himself and all others
similarly situated,

       Plaintiffs,           CIVIL ACTION

    v.                      NO. 1:01-CV-2617-CAP

AEGON USA, INC. et al.,

       Defendants.

O R D E R

This matter is before the court on a variety of motions, including: (1) third-parties Mary Kathleen Hughes and Carolyn A. Gerin's motion to intervene and to certify the class [Doc. No. 197], (2) the defendants' motion to dismiss and to strike Hughes and Gerin's motion to intervene [Doc. No. 206], (3) Hughes and Gerin's cross-motion for intervention [Doc. No. 210]; (4) Hughes and Gerin's motion to file a supplemental brief [Doc. No. 216], and (5) Hughes and Gerin's motion for oral argument [Doc. No. 218].

Procedural Background

On October 1, 2001, plaintiff Jeffery Johnson filed the initial complaint in this matter.  The complaint alleged that the defendants violated Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 by failing to disclose in prospectuses for variable annuities that the tax benefits of those annuities were of no value if invested in an already tax-deferred retirement account.  Mr.

Johnson filed the complaint individually and on behalf of all other similarly situated variable annuity purchasers.

The court appointed Mr. Johnson lead plaintiff on August 12, 2002.  Approximately four months later, on December 10, 2002, Mr. Johnson filed a consolidated complaint adding named plaintiffs Kathleen Hughes and Carolyn Gerin.  On August 18, 2003, the court struck the plaintiffs' consolidated complaint as a shotgun pleading and ordered the plaintiffs to recast their complaint.

The plaintiffs filed their amended consolidated complaint on September 8, 2003.  Approximately one year later, on September 20, 2004, the court concluded that Mr. Johnson's filing of the complaint did not toll the statute of limitations for claims brought by Hughes and Gerin if they were to proceed as named plaintiffs.  Thus, the court issued an order dismissing Kathleen Hughes and Carolyn Gerin as named plaintiffs from this action [Doc. No. 70], but left open the question of whether Gerin and Hughes could be added as class members.

Although Ms. Gerin and Ms. Hughes never filed a motion to reconsider the court's September 20, 2004, order, on May 12, 2006, Gerin and Hughes filed a second motion to intervene,[1] asking the court to appoint them as class representatives [Doc. No. 197].

---

[1] In addition to seeking intervention, Gerin and Hughes also ask the court for the first time to certify the class.

Gerin and Hughes's motion appears to have been motivated by the fact that Mr. Johnson no longer wishes to participate in the action Mem. of Law in Supp. of Mot. for Intervention and Class Certification [Doc. No. 197 at 2] ("Jeffrey L. Johnson, who had been appointed Lead Plaintiff by the Court, has indicated that he no longer wishes to participate in this action.").

Legal Analysis

A.  <u>Hughes and Gerin's Motion to File a Supplemental Brief</u>

As an initial matter, the court GRANTS Hughes and Gerin's motion to file a supplemental brief concerning the defendants' motion to dismiss [Doc. No. 216]. The court has considered Hughes and Gerin's supplemental brief [Doc. No. 216] in making its decision, as well as all of the other briefs filed by the parties to date concerning the defendants' motion to dismiss and Hughes and Gerin's motion to intervene.

B.  <u>Johnson's Desire to Withdraw</u>

Although Johnson's attorneys refuse to file a notice of voluntarily dismissal, it is undisputed that Johnson no longer wishes to participate in this action. The defendants, moreover, do not object to Johnson's dismissal.[2]  The court, therefore,

---

[2] The defendants also allege that Johnson failed to comply with the court's April 27 order [Doc. No. 190] by failing to produce certain relevant documents and failing to appear for the completion of his deposition. Thus, dismissal under Federal Rule

DISMISSES Johnson's claims against the defendants without prejudice. <u>See</u> Fed. R. Civ. P. 41(a)(2).

C.    <u>The Effect of the Dismissal of Johnson's Claims</u>

The defendants argue that the dismissal of Johnson's claims means that the entire case is moot. Gerin and Hughes, on the other hand, argue that the mooting of Johnson's individual claims does not warrant dismissing the class action, especially when they are ready to step forward and assert claims based upon the same alleged violations as those initially raised by Johnson.

The federal "judicial power" extends only to "cases" or "controversies." U.S. Const. art. III, § 2. The "case or controversy" requirement demands that a cause of action before a federal court present a "justiciable" controversy, and "no justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by subsequent developments . . . ." <u>Flast v. Cohen</u>, 392 U.S. 83, 95, 88 S. Ct. 1942, 1950 (1968). "Article III requires that a plaintiff's claim be live not just when he first brings the suit but throughout the entire litigation, and once the controversy ceases to exist the court must dismiss the case for lack of jurisdiction." <u>Lusardi v. Xerox</u>, 975 F.2d 964, 974 (3d Cir. 1992); <u>see also</u> <u>Tucker v. Phyfer</u>, 819 F.2d

---

of Civil Procedure 41(b) also appears to be warranted.

1030, 1034 (11th Cir. 1987) ("Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation.").

Settlement of a plaintiff's claims moots an action, as does the voluntarily dismissal of a plaintiff's claims. <u>See</u>, <u>e.g.</u>, <u>Lake Coal Co. v. Roberts & Schaefer Co.</u>, 474 U.S. 120, 106 S. Ct. 553 (1985); <u>Hammond Clock Co. v. Schiff</u>, 293 U.S. 529, 55 S. Ct. 146 (1934). However, special mootness rules apply in the class action context, where the named plaintiff purports to represent an interest that extends beyond his own. Once a class has been certified, mooting of the class representative's claims does not moot the entire action because the class "acquire[s] a legal status separate from the interest asserted [by its named plaintiff]." <u>Sosna v. Iowa</u>, 419 U.S. 393, 399, 95 S. Ct. 553, 557 (1975) (case challenging constitutionality of state divorce law's durational requirement brought on behalf of properly certified class not mooted by the named plaintiff's satisfaction of the residency requirement). Litigation may continue because the stake of the other class members is attributed to the class representative.

A different general rule operates when a class has yet to be certified. Normally, when the claims of the named plaintiff become moot before class certification, dismissal of the action is required. <u>See</u>, <u>e.g.</u>, <u>Board of School Commissioners of City of</u>

Indianapolis v. Jacobs, 420 U.S. 128, 129, 95 S. Ct. 848, 849, (1975).

Johnson's counsel does not so much dispute this general rule as try to bring themselves outside of it.  For example, Johnson's counsel seeks to circumvent this rule by blatantly refusing to file a notice of voluntarily dismissal.  Mem. of Law in Opp'n to the Aegon Def.'s Mot. to Dismiss and Mot. to Strike [Doc. No. 211 at 12 n.6] (stating, "counsel has thus far declined to sign off on a voluntary dismissal until after an intervention decision is made . . . .").  Johnson's counsel also seeks to circumvent the rule by filing a motion to certify the class on behalf of third parties Gerin and Hughes.

Despite counsel's attempts to evade dismissal, the court concludes that Johnson's claims are not live, and, thus, the court lacks a justiciable controversy and must dismiss the entire case as moot.  No class has been certified in this case.  Cf. Tucker, 819 F.2d at 1033 ("In a class action, the claim of the named plaintiff, who seeks to represent the class, must be live both at the time he brings suit and when the district court determines whether to certify the putative class.").  Although a class certification motion was filed, it was done without Johnson's oversight or approval and after Johnson expressed his desire to withdraw. Plaintiffs-Intervenor's Mot. For Leave to File a Supplemental Br.

and Mem. in Supp. [Doc. No. 215 at 2] ("Nor did class counsel claim . . . that the class certification motion was filed in Mr. Johnson's name or with his oversight or approval. Rather, counsel made it clear that the class certification motion was being brought in conjunction with the cross-motion to intervene and was <u>not</u> being brought by Mr. Johnson."). The fact that Johnson's counsel refuses to file a notice of voluntarily dismissal of Johnson's claims does not alter the fact that Johnson no longer wishes to participate in this action in any manner and did not authorize the filing of a motion for class certification. Johnson's claims are, therefore, moot. Because a class has not been certified, the entire action is now moot and the court must dismiss the case.

In dismissing this case, the court notes that this is not a situation where Johnson did not have a realistic and reasonable opportunity to move for class certification. <u>See</u> <u>Eckert v. Equitable Life Assurance Society</u>, 227 F.R.D. 60, 64 (E.D.N.Y. 2005) (holding that the action was not mooted by the named plaintiff's acceptance of settlement even though a motion for class certification had not been filed, where the named plaintiff did not have a realistic or reasonable opportunity to move for class certification). This case has been pending for five years and the delay in filing a class certification motion has been due to the parties' mutual desire to complete fact discovery first and their

subsequent delay in completing such discovery.  Nor is this a case where Johnson, Hughes, or Gerin's claims are capable of repetition, but evading review.  See Gerstein v. Pugh, 420 U.S. 103, 111 n.11, 95 S. Ct. 854, 861 n.11 (1975) (in a case challenging pretrial detention, holding that the conviction of the named plaintiffs did not moot the case because pretrial detention is by nature temporary and it is unlikely that "any given individual could have his constitutional claim decided on appeal before he is either released or convicted").  Thus, dismissal is appropriate.

## Conclusion

For the reasons discussed above, the court GRANTS Hughes and Gerin's motion to file a supplemental brief [Doc. No. 216].  In addition, the court DISMISSES Johnson's claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  Because the personal claims of the named plaintiff, Johnson, became moot before the court ruled on the motion for class certification and the individual or proposed class claims are not capable of repetition but evading review, the court concludes that the case no longer satisfies the Article III case or controversy requirement.  Thus, the court DISMISSES this action as moot.  All pending motions, therefore, are also DISMISSED as moot and the clerk is DIRECTED to close the file.

Although the court dismisses this action, the court notes that this decision in no way impedes Gerin and Hughes from filing their own class action against the defendants in the proper venue.

SO ORDERED, this 31st day of August, 2006.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge