# United States Court of Appeals
## For the Eleventh Circuit

No. 06-15502

District Court Docket No.
01-02617-CV-CAP-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Jun 15, 2007
THOMAS K. KAHN
CLERK

FILED IN CLERK'S OFFICE
USDC Atlanta

JUL 18 2007

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

JEFFERY L. JOHNSON,
on behalf of himself and all
others similarly situated,

    Plaintiff,

CAROLYN A. GERIN,
MARY KATHLEEN HUGHES,

    Intervenor-Plaintiffs
    Appellants,

versus

AEGON USA, INC.,
WMA SECURITIES, INC.,
FIRST AUSA LIFE INSURANCE COMPANY,
AEGON FINANCIAL SERVICES GROUP, INC.,
AFSG SECURITIES CORPORATION, et al.,

    Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Georgia

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JUL 17 2007
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: June 15, 2007
For the Court: Thomas K. Kahn, Clerk
By: Harper, Toni

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 06-15502

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 15, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-02617-CV-CAP-1

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 18 2007

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

CAROLYN A. GERIN,
MARY KATHLEEN HUGHES,

Intervenor-Plaintiffs-Appellants,

versus

AEGON USA, INC.,
WMA SECURITIES, INC., et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

(June 15, 2007)

Before DUBINA and BLACK, Circuit Judges, and RESTANI,* Judge.

PER CURIAM:

---

* Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

Appellants M. Kathleen Hughes and Carolyn Gerin (Appellants) appeal the district court's grant of Appellees' motion to dismiss them from this purported class action on statute-of-limitations grounds.[1] They argue the district court erred by not tolling the relevant statute of limitations from the time Jeffrey L. Johnson (Johnson), the original class representative, filed his complaint. We conclude that even if the district court had tolled the statute of limitations as Appellants argue it should have, their claims would still be time-barred. Therefore, we affirm.[2]

Appellants and Johnson filed a class action under the Securities Act of 1933 alleging that Appellees misled them by issuing prospectuses that failed to reveal that tax-deferred, variable annuities were not generally appropriate investments for placement into qualified retirement plans, which are already subject to tax-deferred growth. The district court dismissed Appellants from the action, finding their claims were time-barred by the applicable statute of limitations.

We review a dismissal based on the district court's interpretation and application of a statute of limitations *de novo*. *Tello v. Dean Witter Reynolds, Inc.*,

---

[1] Appellants also argue the district court erred in not considering their 2006 motion to intervene and certify the class. Because we conclude Appellants are time-barred from bringing this claim, it is not necessary to decide whether the district court erred in not considering Appellants' motion to intervene.

[2] Although this was not the basis of the district court's grant of Appellee's motion to dismiss, "[t]his court may affirm the district court where the judgment entered is correct on any legal ground regardless of the grounds addressed, adopted or rejected by the district court." *Bonanni Ship Supply, Inc. v. United States*, 959 F.2d 1558, 1561 (11th Cir. 1992).

410 F.3d 1275, 1278 (11th Cir. 2005). On *de novo* review, "all factual allegations contained on the face of the complaint" are taken as true. *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 159 (11th Cir. 1992).

The applicable statute of limitations provides that "[n]o action shall be maintained to enforce any liability created under [15 U.S.C. § 77k or § 77l(a)(2)] unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence . . . ." 15 U.S.C. § 77m. This statute of limitations applies an objective "inquiry notice" analysis. *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 846 (11th Cir. 2004). "Inquiry notice is the term used for knowledge of facts that would lead a reasonable person to begin investigating the possibility that his legal rights had been infringed." *Theoharous v. Fong*, 256 F.3d 1219, 1228 (11th Cir. 2001) (internal quotation marks and citation omitted). In making such a determination, Appellants are presumed to have read the prospectus. *Franze v. Equitable Assurance*, 296 F.3d 1250, 1254-55 (11th Cir. 2002) ("Franze and Busher could have discovered the alleged misrepresentations simply by reading these documents. Therefore, they were put on inquiry notice despite the fact that they both testified that they did not read any of the documents that Equitable gave them.").

The Complaint cites and incorporates the prospectus from which the Appellants purchased the securities forming the crux of this case. Therefore, we can consider the entire prospectus in determining whether to affirm the district court's grant of the motion to dismiss. *See Financial Sec. Assur., Inc. v. Stephens, Inc.*, 450 F.3d 1257, 1264 (11th Cir. 2006) ("[I]n cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss[,]" the court can consider the document even though it may be beyond the face of the complaint.)

The prospectus warned Appellants in three separate sections that they should consider whether it was appropriate to buy the tax-deferred, variable annuities for placement into already tax-deferred accounts. In addition, it advised buyers to consult independent professionals about the tax and legal consequences of purchasing a variable annuity in their particular circumstances. We conclude this was sufficient to place Appellants on inquiry notice and trigger the statute of limitations.

Appellants made their final purchases of these annuities more than one year before Johnson filed the original complaint. Their claims are therefore time-barred. The district court's alleged error in not tolling Appellants' claims from the

moment Johnson filed his complaint is inconsequential. We AFFIRM the district court's dismissal on statute-of-limitations grounds.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia